COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-08-049-CV

 

 

JAMES T. FIELDER                                                             APPELLANTS



AND ALYSE FIELDER

                                                   V.

 

LEWISVILLE IMPORTS, LTD.                                                    APPELLEE

D/B/A BANKSTON HONDA

 

                                              ------------

 

         FROM COUNTY
COURT AT LAW NO. 1 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

This is an appeal from a summary judgment.  We affirm.

Background








In December 2003, appellants James T. Fielder and
Alyse Fielder (collectively, Fielder) bought a car from appellee Lewisville
Imports, Ltd., d/b/a Bankston Honda (Bankston). 
In this transaction, Bankston used a form retail installment sales
contract that included charges for $1,300.00 for an extended warranty to be
provided by AHonda Care@ and for
$59.97 for a tax denominated a ADealer=s
Inventory Tax Paid to Seller.@ 

In December 2005, Fielder sued Bankston, alleging
claims for fraud, fraudulent non-disclosure, DTPA violations, and violations of
Chapter 348 of the Texas Finance Code. 
Fielder=s claims were predicated on two
contentions:  (1) that the installment
contract misrepresented the nature of the dealer=s
inventory tax, and (2) that Bankston failed to disclose that it was keeping a
portion of the amount paid for the extended warranty.  Bankston moved for summary judgment, which
the trial court granted.  This appeal
followed. 

Standard of Review








A trial court=s grant
of a traditional summary judgment is reviewed de novo.[2]  The movant for summary judgment has the
burden of showing that there is no genuine issue of material fact and that it
is entitled to summary judgment as a matter of law.[3]  A defendant who conclusively negates at least
one essential element of a cause of action is entitled to summary judgment on
that claim.[4]  In deciding whether there is a genuine issue
of material fact, evidence favorable to the nonmovant will be taken as true,
and all reasonable inferences will be made and all doubts resolved in the
nonmovant=s favor.[5]

Analysis

Fielder=s dealer
inventory tax claims are identical to those asserted by the plaintiff and
resolved in our recent opinion in Gifford v. Don Davis Auto, Inc.[6]  For the reasons expressed in that opinion,
the trial court properly granted summary judgment as to Fielder=s dealer
inventory tax claims.[7]








Fielder also claimed that Bankston committed
fraud and violated the DTPA and the finance code by failing to disclose that
almost half of the amount charged for the extended warranty was going to be
kept by Bankston.  Bankston=s
summary judgment motion asserted that Bankston had no duty, either at common
law or under any statute, to disclose the amount it retained from the extended
warranty charge.  We agree with Bankston.

Whether a duty to disclose exists is a question
of law.[8]  Fielder=s fraud
claim was based on the theory that Bankston Apartially@
disclosed the cost of the extended warranty and, therefore, had a duty to fully
disclose where the proceeds from that charge were going.[9]  By including the extended warranty charge
under the heading, AOther Charges Including Amounts
Paid to Others on Your Behalf (Seller may keep part of these amounts),@ the
installment contract disclosed to Fielder that Bankston may keep part of the
extended warranty charge.  The
installment contract, therefore, did not convey the false impression that
Bankston was not keeping part of the extended warranty charge, and Bankston had
no duty to disclose that it was.








Fielder=s
statutory claims based on the extended warranty charge are equally
unavailing.  Section 348.301 of the Texas
Finance Code provides that, notwithstanding any other applicable law, no one
assigning a retail installment contract or any balance under the contract has
any duty to disclose the terms of the assignment.[10]  This statute precludes any duty on Bankston=s part
to disclose that it was keeping a portion of the charge for the extended
warranty.[11]

Moreover, section 348.009 provides that a failure
to make a particular disclosure does not constitute a violation of chapter 348
if such a disclosure is not required by Aa
federal law, including a regulation or interpretation of law.@[12]  The Federal Reserve Board considered but
elected not to require disclosure that a dealer is retaining part of a charge
for an extended warranty.[13]  Bankston, therefore, had no statutory duty to
disclose the difference between the amount charged for the extended warranty
and the amount kept by Bankston.

Because Bankston demonstrated its entitlement to
summary judgment on all of Fielder=s
claims, we affirm the trial court=s
judgment.

 

PER
CURIAM

 

PANEL:  CAYCE, C.J.; DAUPHINOT and WALKER, JJ.

 

DELIVERED:  January 15, 2009











[1]See Tex. R. App. P. 47.4.





[2]Valence Operating Co. v.
Dorsett,
164 S.W.3d 656, 661 (Tex. 2005).





[3]Nixon v. Mr. Prop. Mgmt.
Co., 690
S.W.2d 546, 548B49 (Tex. 1985).





[4]IHS Cedars Treatment Ctr.
of DeSoto, Tex., Inc. v. Mason, 143 S.W.3d 794, 798 (Tex. 2004).





[5]Am. Tobacco Co. v.
Grinnell,
951 S.W.2d 420, 425 (Tex. 1997).





[6]No. 02-07-00064-CV, 2008
WL 5194314 (Tex. App.CFort Worth Dec. 11, 2008,
no pet. h.).





[7]See id., 2008 WL 5194314, at *2B4; cf. Feagins v.
Tyler Lincoln-Mercury, Inc., No. 06-08-00043-CV, 2008 WL 4999099, at *1B3 (Tex. App.CTexarkana Nov. 26, 2008,
no pet. h.) (holding that summary judgment was proper on car purchaser=s claims that dealer=s inventory tax charge
violated Texas Finance Code, but concluding that car purchaser=s affidavit raised fact
issue precluding summary judgment on fraud and DTPA claims based on dealer=s inventory tax).





[8]See Feagins, 2008 WL 4999099, at *5
(citing Bradford v. Vento, 48 S.W.3d 749, 755 (Tex. 2001)).





[9]See, e.g., BP Am. Prod. Co. v.
Marshall, No. 04-06-00478-CV, 2008 WL 5169635, at *8 (Tex. App.CSan Antonio Dec. 10,
2008, no pet. h.) (noting that ATexas appellate courts have held a duty to
disclose may arise in an arm=s length business transaction when one party
makes a partial disclosure that although true, conveys a false impression@); Feagins, 2008
WL 4999099, at *5 and n.8 (same).





[10]Tex. Fin. Code Ann.
348.301 (Vernon 2006).





[11]See Feagins, 2008 WL 4999099, at *5.





[12]Tex. Fin. Code Ann. ' 348.009.





[13]42 Fed. Reg. 19,124B19,125 (April 12, 1977).